Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ADRIANA JOSEPH, | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.;** |
| JPMORGAN CHASE BANK, N.A., |  |
| Defendant. |  |
|  | **JURY TRIAL DEMANDED** |

## COMPLAINT

ADRIANA JOSEPH ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JPMORGAN CHASE BANK, N.A. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection

Act, 47 U.S.C. §227 *et seq.* ("TCPA"), which prohibits placing calls to a cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

2.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

3.      Defendant is a lender with its principal place of business located at 3700 Wiseman Blvd., San Antonio, TX 78251.

4.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

5.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

6.     Plaintiff has a cellular telephone number that she has had for over a year.

7.     Plaintiff has only used this number as a cellular telephone number.

8.     Beginning in or before June 2015, and continuing through March 2016, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

9.     During the relevant period, Defendant called Plaintiff on her cellular telephone, on average, three times per day.

10.    When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

11.    Plaintiff also received calls with a noticeable delay or silence before a live representative would come on the line or the call would terminate.

12.    Defendant's automated messages identified its company name as the caller.

13.    Defendant's telephone calls were not made for "emergency purposes", but were to collect money.

14.    In or around August 2015, Plaintiff told Defendant to stop calling, thereby revoking any consent Defendant may have had or thought it had to call.

15.     When Defendant continued to call, Plaintiff told them to stop calling several more times.

16.     Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for months, sometimes up to two or three times a day.

17.     Plaintiff found the Defendant's repeated calls harassing, annoying, aggravating, frustrating, and upsetting.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

18.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

20.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

21.     Defendant's calls to Plaintiff were not made for emergency purposes.

22.     After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

23.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ADRIANA JOSEPH, respectfully prays for judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, ADRIANA JOSEPH, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,


DATED: April 20, 2017    By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
                Amy L. Bennecoff  Ginsburg (275805)
                Kimmel & Silverman, P.C
                30 East Butler Pike
                Ambler, PA 19002
                Telephone: (215) 540-8888
                Facsimile (215) 540-8817
                Email: aginsburg@creditlaw.com
                Attorney for Plaintiff

PLAINTIFF'S COMPLAINT